

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00269-CR

**RAYMOND WEBER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 15-0773**

## MEMORANDUM OPINION

Raymond Weber was convicted of theft and sentenced to 180 days in jail. *See* TEX. PENAL CODE ANN. § 31.03 (West 2011). That sentence was suspended, and Weber was placed on community supervision for two years.

Weber's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that this appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel advised Weber that counsel had filed the motion and brief pursuant to *Anders* and provided Weber a copy of the record, advised Weber of his right to review the record,

and advised Weber of his right to submit a response on his own behalf. Weber submitted multiple responses, and the State submitted a reply to Weber's responses.

Counsel asserts in the *Anders* brief that counsel reviewed the entire reporter's record and clerk's record, the sufficiency of the evidence, whether the trial court erred in not ordering a presentence investigation, and whether trial counsel was ineffective for not requesting a presentence investigation. After the review, counsel has concluded there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In his responses to counsel's *Anders* brief, Weber contends his counsel was ineffective, the trial court erred in denying his motion for new trial, and his sentence was excessive. The record does not support Weber's contentions. [1]

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503,

---

[1] A specific complaint by Weber was that he was on disability and was required to pay attorney's fees. On the record, Weber begged the trial court to place him on community supervision. The trial court specifically discussed the fees involved when being placed on community supervision, including the amount of attorney's fees Weber would be required to pay. In response, Weber assured that he understood and that he had funds available which he could "tap into" if he was given time to pay.

511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record, the *Anders* brief, Weber's responses, and the State's reply, we have determined that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We affirm the trial court's judgment.

Should Weber wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Weber is granted, and counsel is discharged from representing Weber. Notwithstanding counsel's discharge, counsel must send Weber a copy of our decision, notify him of his right to file a pro se

petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. Tᴇx. R. Aᴘᴘ. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

Further, Weber's "Motion respectfully requesting court to instruct appellant attorney Mr. Austin Black to counsel and assist appellant Mr. Raymond M. Weber throughout the duration of this trial court cause," filed on June 16, 2016, is dismissed as moot.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Motion dismissed as moot
Opinion delivered and filed July 19, 2017
Do not publish
[CR25]

